02-11-053-CR









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00053-CR

 

 


 
 
 Thomas Douglas Bennett
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

FROM THE 415th
District Court OF Parker COUNTY

----------

MEMORANDUM
OPINION[1]

----------

Upon
his plea of guilty and his pleas of true to the enhancement counts, a jury
convicted Appellant Thomas Douglas Bennett of burglary of a habitation and
assessed his punishment at life imprisonment.  The trial court sentenced him
accordingly.  In his sole point, Appellant contends that the trial court
reversibly erred and abused its discretion by denying his motion for new trial
and motion in arrest of judgment.  Because the trial court committed no
reversible error, we affirm the trial court’s judgment.

The
jury heard testimony at trial that after burglarizing the complainant’s home, Appellant
led police on a prolonged, high-speed vehicle chase (traveling around sixty
miles per hour) through various residential neighborhoods and a cemetery, striking
a brick wall and finally striking the corner of a home, causing major damage to
the vehicle and the home, including breaking a gas line.  Officers found many
of the stolen items from the burglary in the stolen vehicle.  The chase was
captured on video, and the video was admitted into evidence.  Appellant filed a
motion for new trial, a supplemental motion for new trial, and a motion in
arrest of judgment, alleging newly discovered evidence.  The motions were
presented and heard and denied by written order.

Although
Appellant does not inform us of the nature of this newly discovered evidence,
he does cite us generally to his motions.  From our review of those motions, the
newly discovered evidence appears to include in part the facts that Appellant’s
blood alcohol level at the time of his arrest was three times the legal limit;
he was driving a stolen pickup that struck a flagpole, a stop sign, and a
telephone pole and damaged a sprinkler system at a school on Chapin Road in
West Fort Worth; and he was wearing an ankle monitor when he was arrested.

Appellant
argues that the newly discovered evidence includes evidence that the chase was
not actually a high-speed chase.  He argues that this fact is newly discovered
evidence and cannot be said not to have contributed to the punishment imposed.

The
State’s brief provides additional information.  The State refers to an e-mail
mentioned during the hearing on the motion for new trial and in arrest of
judgment.  Although that e-mail was not admitted into evidence and is not in
the reporter’s record, it does appear in the clerk’s record.  The e-mail refers
to an offense report written by Sergeant Peel.  Even though the e-mail points
out that the State believes Sergeant Peel did not witness the chase, it
nevertheless provides the following quotation from Sergeant Peel’s report:  “The
[p]ursuit speeds were not at the point of endangering the public and the top
speed is believed to be approximately 60 mph.”  Appellant’s argument, as we
understand it, is that this statement by Peel is newly discovered evidence that
would impeach testimony of a high-speed chase.

The
State points out that at the motion for new trial hearing, the State introduced
a copy of the Fort Worth Police Department’s offense report containing the
quoted statement.  The State asks this court to notice that the State provided
this information to Appellant’s counsel approximately a month before trial.  The
State also points out that, by way of stipulation at the motion for new trial
hearing, the parties agreed that this offense report was provided to defense
counsel about a month before trial.

We
understand, then, that Appellant’s newly discovered evidence that is the
subject of the present appeal is evidence contained in Sergeant Peel’s report
regarding the speed of the chase.

To
establish an abuse of discretion in the failure to grant a new trial based on
newly discovered evidence, an appellant must satisfy a four-prong test.  He
must show that (1) the evidence was unknown to him before trial; (2) his
failure to discover the evidence was not due to a lack of diligence; (3) the
evidence is competent, not merely cumulative, corroborative, collateral, or
impeaching; and (4) the materiality of the evidence will probably bring about a
different result upon a new trial.[2]
 If an appellant fails to establish any one of these elements, the trial court
does not abuse its discretion by denying the motion for new trial.[3]

Appellant
stipulated during the hearing on the motion for new trial that he had been
given a copy of the Fort Worth Police Department’s offense report approximately
a month before trial.  Appellant nevertheless argues that the newly discovered
evidence regarding speed “could have impeached a State’s witness over the
nature of the chase” and “could have been used to impeach the credibility of Officer
[Gray].”  Appellant explains that because the jury had no reason to disbelieve
the evidence regarding the nature of the chase, it cannot be said “that that
fact did not contribute to the punishment imposed.”

But
the jury viewed the videotaped chase during trial.  The jury therefore could
reach its own conclusions regarding the nature of that chase.  Further, the
alleged newly discovered evidence was merely for impeachment.  Additionally,
the evidence shows that Appellant had an extensive criminal history, including thirteen
felony convictions of burglary of a habitation and theft and prior misdemeanor
prosecutions involving theft and DWI.  The evidence also reveals that Appellant
had stolen the pickup he used for the burglary and that he had pointed a
shotgun in the complainant’s direction.  Finally, Appellant’s parole officer
testified that within twenty-four hours of Appellant’s release from an
intermediate sanction facility, the police had notified him that Appellant was
involved in committing the burglary at bar.

Applying
the appropriate standard of review, we cannot say the trial court abused its
discretion by denying Appellant’s motion for new trial or motion in arrest of
judgment.  We overrule Appellant’s sole point on appeal and affirm the trial
court’s judgment.

 

 

LEE ANN DAUPHINOT
JUSTICE

 

PANEL: 
DAUPHINOT,
WALKER, and MCCOY, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  February 2, 2012









[1]See Tex. R. App. P. 47.4.





[2]Keeter v. State, 74 S.W.3d 31,
36–37 (Tex. Crim. App. 2002).





[3]Delamora v. State, 128
S.W.3d 344, 354 (Tex. App.—Austin 2004, pet. ref’d).